**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Brian Arasa Nyanumba,

Defendant.

No. 26-cr-84 (JWB/DLM)

**ARRAIGNMENT ORDER**

A Hearing was held before United States Magistrate Judge David T. Schultz on April 23, 2026. Defendant was present in Court with his attorney, Andrew Garvis. The Government was represented by Ethan Vande Wall, Assistant United States Attorney.

Defendant identified himself by name and birth date; waived the reading of the Indictment; and entered a plea of not guilty.

**Pursuant to Local Rule 12.1 (copy attached), IT IS ORDERED that:**

1. The Government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **April 30, 2026.** D. Minn. LR 12.1(a)(1). To avoid the need for a recess of the Motions Hearing, the Government is requested to make all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h) by **April 30, 2026**.

2. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **May 7, 2026**. D. Minn. LR 12.1(a)(2).

3. The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial. Fed. R. Civ. P. 16(a)(1)(G).

4. All Motions in the above-entitled case must be filed and served through CM/ECF consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **May 14, 2026**.[1] D. Minn. LR 12.1(c).

5. **Counsel must electronically file a letter on or before May 14, 2026, if no Motions will be filed and there is no need for hearing.**

6. All Responses to Motions must be filed by **May 28, 2026**. D. Minn. LR 12.1(c)(2).

7. Any Notice of Intent to Call Witnesses[2] must be filed by **May 28, 2026**. D. Minn. LR. 12.1(c)(3)A).

---

[1] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).

[2] "When a party intends to call witnesses at a hearing on a motion under Fed. R. Crim. P. 12(b), the party must file a notice within 35 days after the arraignment. The notice must identify the number of witnesses whom the party intends to call, the motion or motions that each witness will be addressing, and the estimated duration of each witness's testimony. For the sake of efficiency and transparency, the parties are strongly encouraged to identify each witness by name and, if relevant, official position." D. Minn. LR 12.1(c)(3)(A).

8. Any Responsive Notice of Intent to Call Witnesses[3] must be filed by **June 1, 2026**.

9. A Motions Hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The Government makes timely disclosures and Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its Motion, objection, or response pleadings.

10. If required, the Motions Hearing will be conducted before United States Magistrate Judge Douglas L. Micko on **June 10, 2026, at 9:30 a.m.**, in Courtroom 6B of the U.S. Courthouse, 316 N. Robert Street, in St. Paul, Minnesota. D. Minn. LR 12.1(d).

11. The parties will share with each other and the Court any exhibit lists and proposed exhibits at the time of filing any Notice of Intent to Call Witnesses.

---

[3] "If after reviewing a notice under LR 12(c)(3), a party intends to call witnesses at the same hearing, that party must file a responsive notice within 38 days after the arraignment. The responsive party must identify the number of witnesses whom the party intends to call, the motion or motions each witness will be addressing, and the estimated duration of each witness's testimony. For the sake of efficiency and transparency, the parties are strongly encouraged to identify each witness by name and, if relevant, official position." D. Minn. LR 12.1(c)(3)(B).

12. If the defendant files any pretrial dispositive motions to suppress seeking a so-called "four corners" review of a warrant and its supporting documents, the defendant must also submit a memorandum specifying the bases for suppression or they will not be considered by the Court. *See* D. Minn. LR 12.1(c)(1)(B) ("To the extent practicable, a motion under Fed. R. Crim. P. 12(b) to suppress evidence must identify that evidence and the nature of the challenge."). The Court will not *sua sponte* undertake such a review.

13. The parties will receive the remaining dates related to trial by separate Order.

DATED: April 24, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge